UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TONY A. REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:23-CV-279-TAV-SKL |
| | ) |
| ABBVIE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

On June 3, 2024, the parties filed a Notice of Pending Settlement [Doc. 78], indicating that they have reached an agreement in principle to settle this matter in its entirety. On July 24, 2024, the Court ordered the parties to file a stipulation of dismissal within 30 days or request an extension [Doc. 79]. The Court informed the parties that if no stipulation, motion for extension, or responsive pleading was filed, the Court would dismiss the case under Federal Rule of Civil Procedure 41(b) and Local Rule 68.1 [*Id.*].

Exactly 30 days later, on August 23, 2024, plaintiff filed a motion for an extension of time to file entry of dismissal [Doc. 80]. On November 19, 2024, the Court granted that motion and provided an additional 60 days from the date of that order for filing of a stipulation of dismissal [Doc. 82]. The Court again noted that the parties could notify the Court if additional time was necessary and cautioned that if a stipulation is not filed and an extension is not requested, the Court will dismiss the case after 60 days [*Id.*].

Approximately 91 days have passed since the Court's order [Doc. 82], no stipulation of dismissal has been filed, nor has a request for an extension of time to file such. Thus, the parties have not timely complied with the Court's November 19, 2024, order.

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see also Webb v. Spectrum Southeast, LLC*, No. 2:24-cv-7, 2024 WL 4446986, at *1 (E.D. Tenn. Oct. 8, 2024) ("Under Rule 41(b), the Court may dismiss an action where a plaintiff fails to comply with a court order."). This Rule allows the Court to effectively manage its docket and avoid "unnecessary burdens on the tax-supported courts . . . ." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks omitted); *see also Webb*, 2024 WL 4446986, at *1.

In determining whether dismissal is appropriate under Rule 41(b), the Court must consider the following factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned the failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal. *Knoll*, 176 F.3d at 363.

Here, these factors support dismissal of this action under Rule 41(b). The parties have both willfully failed to comply with the Court's November 19, 2024, order, requiring the filing of a stipulation of dismissal or a motion for an extension of time within 60 days [*See* Doc. 82]. And clearly the parties understood the Court's requirement, as they

2

complied with the Court's first order by timely requesting an extension [*See* Docs. 79, 80]. As in the *Webb* case, in which the district court dismissed a civil case in a similar posture under Rule 41(b), "[d]espite the Court's express warning that a failure to comply would result in dismissal of this action, the Parties chose not to comply." *Webb*, 2024 WL 4446986, at *2. And, in this case, the parties were warned more than once that failure to comply with the Court's order may result in a *sua sponte* dismissal [*See* Docs. 79, 82]. Moreover, dismissal is the proper sanction in light of the parties' representation that this case has settled [*See* Doc. 78]. Moreover "[a]ny lesser sanction would permit the action to unnecessarily languish on the Court's docket." *Webb*, 2024 WL 4446986, at *2. And "[t]his Court has an obligation to ensure that cases do not languish on its docket." *Id.* at *1 (citing *Cowley v. Prudential Sec., Inc.*, No. 21-1635, 2022 WL 2160671, at *2 (6th Cir. June 15, 2022)).

Furthermore, Local Rule 68.1 states that, when the Court is advised that a matter in controversy has been settled "the parties shall file an agreed stipulation signed by all parties who have appeared pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), or submit an agreed order of dismissal pursuant to E.D. Tenn. ECF Rule 4.8, before the date on which the case is set for trial or as otherwise directed by the Court." E.D. Tenn. L.R. 68.1. The rule states that "[i]f the parties fail to comply with this rule, the Court may, in its discretion, enter an order dismissing the action." *Id.* The Court set a date for the filing of a stipulation of dismissal pursuant to this rule, namely, within 60 days of the Court's November 19, 2024, order [Doc. 82]. But the parties failed to comply. Thus, "Local Rule 68.1 provides a separate

and independently sufficient basis to dismiss this action[.]" *Webb*, 2024 WL 4446986, at *2.

For these reasons, this action is **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and Local Rule 658.1. An appropriate judgment order shall enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE